977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abel CORTEZ-SANCHEZ, Defendant-Appellant.
 No. 91-50566.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 (A) Sufficiency of the Evidence
 
 
 3
 We must view the evidence as a whole, in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found that Cortez-Sanchez had the requisite knowledge under 21 U.S.C. § 952(a). See, e.g., United States v. Adler, 879 F.2d 473, 495 (9th Cir.1988).
 
 
 4
 The van Cortez-Sanchez was driving contained nearly 150 pounds of marijuana with a street value of $295,000. When he was detained for inspection, Cortez-Sanchez was reported to be quiet, stoic, pale and acting in a manner inconsistent with the usual pattern of behavior for one so detained. Cortez-Sanchez chuckled, smiled and said "okay" when informed that he was under arrest. Although Cortez-Sanchez agreed to drive the van across the border on a Friday evening, he did not do so until the following Monday during the morning rush hour. Cortez-Sanchez was paid $150 for driving the vehicle a total of three miles. A customs agent was able to detect the odor of marijuana after ten minutes in the van, before he was able to identify the area of the van in which the contraband was concealed. Cortez-Sanchez spent approximately forty-five minutes in the van before stopping at the border. The interior headliner of the van, behind which the marijuana was hidden, appeared very baggy, and the van contained cans of concentrated deodorant that could be used to cover up the smell of marijuana. We find that the record is sufficient to support an inference of guilty knowledge. The district court did not err in denying Cortez-Sanchez' motion for judgment of acquittal.
 
 
 5
 (B) Letourneau's Testimony
 
 
 6
 We review the district court's determination that a witness has perjured himself for clear error. See, e.g., United States v. Shaw, 829 F.2d 714, 718 (9th Cir.1987). The district court found that agent Letourneau's testimony was not false. Viewing the testimony as a whole, we cannot say that it was clearly false. The tenor of the testimony suggests that it was Letourneau's understanding that governmental policy forbade agents from going to Mexico to investigate Cortez-Sanchez' claims. That understanding was elicited to explain why he did not pursue information that would have required him to pursue his investigation of Cortez-Sanchez in Mexico. The record does not indicate that Letourneau had authority to pursue an investigation in Mexico. Furthermore, counsel for Cortez-Sanchez had and took the opportunity to develop Letourneau's testimony on cross examination. The jury was not misled.
 
 
 7
 (C) Exclusion of Evidence of Lack of Criminal History
 
 
 8
 We review the district court's assessment of the relevance of proffered evidence for abuse of discretion. See, e.g., United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989). The court did not abuse its discretion in finding that the absence of Cortez-Sanchez' name from a Drug Enforcement Administration list of known and suspected drug traffickers is not relevant to the charge of knowing importation of a controlled substance. Information such as this does not increase or decrease the likelihood that Cortez-Sanchez committed the crime charged.
 
 
 9
 Even if the proffered evidence were relevant and otherwise admissible, its exclusion was not reversible error. In light of the evidence of Cortez-Sanchez' guilty knowledge, we cannot say that it is more likely than not that the exclusion of this evidence affected the verdict. United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987).
 
 
 10
 AFFIRMED.
 
 
 11
 WIGGINS, Circuit Judge, concurring separately.
 
 
 12
 I write separately to indicate my unease about this case. It is a close call. The evidence discloses that the defendant was stopped at the border during rush hour driving a van. The van was not owned by the defendant; he was paid $150 to drive it into the United States; and he had been in the van for approximately 45 minutes prior to his arrest. After a search of about a half an hour, marijuana was found in the van. The defendant offered an innocent explanation of his conduct but the officers did not believe him. He was convicted after a jury trial.
 
 
 13
 I think this evidence is thin. However, the jury heard the evidence and drew certain inferences from it pointing to the guilt of the defendant. I may not have done so, but that is not my job. Our standard of review is fairly stated on page one of the disposition and it controls my vote. I reluctantly vote to affirm.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3